UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re:*

NICHOLAUS SWEATT,

Debtor.

Case No. 24-10787-cjf

**MOTION FOR RULE 2004 EXAMINATION**

Yvonne Edmunds ("Edmunds"), by her attorneys, Krekeler Law, S.C., hereby moves the Court pursuant to F.R.B.P. 2004, for an order to examine Nicholaus Sweatt (the "Debtor") and an order requiring the Debtor to produce documents as more particularly described in Exhibit A (attached hereto). In support of this motion, Edmunds states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the bankruptcy estate.

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Debtor filed a voluntary petition for relief and schedules under Chapter 13 of the Bankruptcy Code on April 22, 2024 [Docket No. 1].

5. At the preliminary hearing on confirmation of the Chapter 13 Plan held on July 1, 2024, the Debtor was ordered, among other corrections, to amend several portions of the Debtor's schedules [Docket No. 27].

6. Debtor previously listed his non-filing spouse's income under Schedule I as $6,063.42 before deductions [Docket No. 1].
7. Debtor's amended Schedule I now lists his non-filing spouse's income as having increased to $8,906.61 before deductions [Docket No. 31].
8. Debtor's amended Schedule J now lists debt payments by the non-filing spouse of $1,600 per month, which were not previously listed [Docket No. 31].
9. On September 6, 2024, the Debtor filed an Amended Means Test due to the previous inaccurate disclosure of his non-filing spouse's income, which now requires the Debtor to commit his disposable income for 60 months [Docket No. 49].
10. The Debtor's Amended Means Test lists his spouse's income as $10,550.04 [Docket No. 49].
11. The Debtor's Amended Means Test includes a deduction of $3,392.95 for Debtor's non-filing spouse's debt repayment, despite presenting no such debts in Debtor's schedules so as to justify the deduction for non-filing spouse's debt payments as part of Debtor's revisions to his budget and Means Test [Docket No. 31 and 49].
12. Despite the increase in the Debtor's household's income per the Amended Means Test and budget:
    a. The Debtor's monthly disposable income under the Amended Means Test is now -$2,167.41;
    b. The Debtor's spouse is paying for debts not previously disclosed, without explanation; and

c. The Debtor's spouse's income and debt payments have decreased alongside one another between the Amended Means Test and amended budget, without explanation.

13. Additionally, the Debtor's Chapter 13 Plan [Docket No. 2] proposes:
    a. Payment of an alleged $12,000 priority tax claim to the IRS;
    b. Payments to unsecured creditors based on the Debtor's nonexempt interest in property.

14. The IRS claim to be paid through the Debtor's Chapter 13 Plan is nonexistent; the IRS has filed, and subsequently amended, a proof of claim in this case showing a balance owed $0.00 [Claim No. 1-1; 1-2].

15. Edmunds requests the Court permit examination and Edmund's request for production of documents, for Edmunds to determine:
    a. The accuracy of the Debtor's disclosure of assets, including the nature, extent, disposition, and location of Debtor's assets;
    b. The accuracy of the Debtor's disclosure of income, expenses, and debts as they pertain to the calculation of Debtor's budget and Means Test.

16. Edmunds is a creditor of the Debtor by virtue of her personal injury claim against the Debtor, for which Edmunds had commenced a state court action against the Debtor, Dane County Case No. 24CV787, a month prior to the filing of the petition in this case.

17. Edmunds proposes to conduct the examination of the Debtor pursuant to F.R.B.P. 2004 via Zoom Video Conferencing on October 23, 2024. The examination shall be

continued from day to day, excluding weekends and holidays, if not completed on that date.

## REQUEST FOR RELIEF

18. Edmunds respectfully requests the Court enter an order directing the Debtor to:

    a. Produce documents on or before October 16, 2024, responsive to the requests attached and incorporated herein as Exhibit A; and

    b. Be present for an oral examination on October 23, 2024, at 9:00AM via Zoom Video Conferencing.

## BASIS FOR RELIEF

19. The examination of the Debtor cannot proceed under F.R.B.P. 7030 because no adversary proceeding has commenced. In addition, the examination cannot proceed under F.R.B.P. 9014 because the examination is not taken as part of a contested matter.

20. F.R.B.P. 2004(a) provides that, "on motion of any party in interest, the court may order the examination of any entity." The examination may cover the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." F.R.B.P. 2004(b).

21. Furthermore, there are inconsistencies in Debtor's testimony, schedules, and amendments that indicate lack of good faith filing of the Chapter 13 bankruptcy case with regard to Debtor's budget, the payment of presumably marital debts, and payment of a nonexistent IRS claim through Debtor's Chapter 13 Plan.

# NOTICE

22. Rule 2004 examinations are "filed and often granted *ex parte*", which notice of the examination subsequently provided to the affected parties. 9 Collier on Bankruptcy ¶ 2004.01[2] (16th ed. 2022). Edmunds therefore requests that the Court enter an *ex parte* order granting the relief requested in this Motion. The Debtor may then contest the examination by moving to vacate the order granting this motion or requesting the court enter a protective order.

**WHEREFORE**, the Creditor respectfully requests that the Court enter an order in accordance with F.R.B.P. 2004 requiring (a) the Debtor to produce documents responsive to Exhibit A by October 16, 2024, and (b) the Debtor to submit to oral examination via Zoom Video Conferencing on October 23, 2024, at 9:00AM and (c) grant such other and further relief as the Court deems just and equitable.

Dated September 25, 2024.

        **KREKELER LAW, S.C.**

By: */s/ Noe J. Rincon*
    Noe J. Rincon
    State Bar No. 1124893
    *Attorneys for Creditor,*
    Yvonne Edmunds

**ADDRESS:**
26 Schroeder Court, Suite 300
Madison, WI 53711
Phone: (608) 258-8555
Fax: (608) 258-8299

# EXHIBIT A
# RULE 2004 EXAMINATION OF DEBTOR

1. Copies of all documents to which you referred or upon which you relied on in preparing Debtor's schedules, Means Test, and all amendments thereof;
2. Copies of Debtor's 2022 and 2023 tax returns, with all attachments and schedules;
3. Documentation of the source of funds used to pay for the monthly mortgage payments on said property.
4. Copies of Debtor's LLC's 2022 and 2023 tax returns, with all attachments and schedules;
5. Copies of all of Kimberly Sweatt's paystubs from October 1, 2023, through September 31, 2024;
6. Copies of all contracts that you or your spouse have entered into for any improvements to your present homestead;
7. Copies of the declaration pages for all life insurance policies held in Debtor's name or Debtor's spouse's name, or for which Debtor is listed as beneficiary;
8. Copies of the declaration pages for any and all insurance policies held by Debtor's LLC;
9. Documentation regarding insurance including:
    i. Sources and amounts of income and expenses;
    ii. Verification of documents including:
        1. Bank or brokerage account statements;
        2. Documentation regarding real and personal property;
        3. Listing contracts;

4. Auction contracts;

   5. Offers to purchase;

10. A list of any and all accounts receivables for Debtor's LLC;

11. Copies of all customer contracts with Debtor's LLC which are active, or which were active in the last two years;

12. Copies of the following documents concerning Summit Credit Union:

    i. any and all of your loan documents;

    ii. any and all of your most recent statements;

    iii. any and all of your loan applications;

13. Copies of any and all of your loan applications with the United States Small Business Administration, whether those applications were prepared or filed by the Debtor personally or on behalf of Debtor's LLC;

14. Copies of Debtor's homeowner's insurance declaration page and any riders to that policy;

15. Copies of all of Debtor's credit card statements dating back from January 1, 2023, through September 31, 2024;

16. Copies of statements for any and all bank or other depository accounts held in Debtor's name dating back from January 1, 2023, through September 31, 2024;

17. Copies of any and all prenuptial agreements or marital property agreements that Debtor may have been a party to;

18. A list of creditors for Kimberly Sweatt, with documentation evidencing:

    i. The nonmarital nature of the debt;

    ii. The monthly payments made pursuant to each debt; and

    iii. Statements for each creditor indicating the balance owed, payoff date and amount, and payment history from January 1, 2024, through September 31, 2024;

19. Copies of any childcare contracts that Debtor or Debtor's spouse may have entered into;

20. Copies of any and all financial statements that Debtor has or may have provided someone with in the past two years;

21. Copies of any and all contracts to which Debtor's spouse is a party, including but not limited to employment contracts; and

22. Copies of any and all contracts to which Debtor is a party.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re:*

NICHOLAUS SWEATT,

Case No. 24-10787-cjf

Debtor.

## CERTIFICATE OF SERVICE

STATE OF WISCONSIN    )
                      ) SS
COUNTY OF DANE        )

The undersigned, being first duly sworn on oath, deposes and says that on the 25th day of September, 2024, the Debtor's Motion for Rule 2004 Examination and proposed Order on Motion for 2004 Examination and Production of Documents was electronically filed with the Clerk of Court via the Court's CM/ECF system, thereby effecting notice on all parties receiving electronic notice in this case including but not limited to:

Office of the U.S. Trustee
780 Regent Street, #304A
Madison, WI 53715

Standing Ch13 Trustee
Mark Harring
122 West Washington Avenue, Ste 500
Madison, WI 53703

Wade M. Pittman
Pittman & Pittman Law Offices, LLC
702 N Blackhawk Ave, STE 101
Madison, WI 53705

The undersigned, being first duly sworn on oath, deposes and says that on the September 25, 2024, the undersigned mailed, properly enclosed in a postpaid envelope, a copy of Debtor's Motion for Rule 2004 Examination and proposed Order on Motion for 2004 Examination and Production of Documents to:

Nicholaus Sweatt
5012 Tonyawatha Trail,
Monona, WI 53716

By: */s/Cheryl Watson*

Cheryl Watson