# UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN
www.wiwb.uscourts.gov
## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ Original Plan

☑ **1st Amended Plan dated 11/11/2024** Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

Debtor: **Nicholaus Sweatt**  SSN: xxx-xx- **xxx-xx-0125**  Case Number: **3-24-10787**

Joint Debtor: _____  SSN: xxx-xx- _____

## I. Notices

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

To All Parties: This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

**The deadline to object to the amended or modified plan is ____.**

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section VII | ☐ Included | ☑ Not included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

A. **Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. $ **525** for **7** months;
2. $ **425** for **53** months;

The total amount of estimated payments to the trustee: **$26,200.00**

B. **Debtor(s)' Attorney's Fee:** ☐ None ☐ Pro Bono

**Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.**

| | | | |
|---|---|---|---|
| Total Fees: **$5,000.00** | Total Paid: **$0.00** | Balance Due: **$5,000.00** | |
| Payable _____ /month (Months ____ to ____ ) | | | |

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.
If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.
If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.
Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A. **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

1. Creditor: _____
   Address: _____
   Account Number: _____   Arrearage on Petition Date _____
   Interest Rate: _____   Payoff on Petition Date _____
   Disburse adequate
   protection pre-Confirmation  $ _____
   Other: _____
   ☐ Real Property                           Check one below for Real Property:
        ☐ Principal Residence                ☐ Escrow is included in the regular payments
        ☐ Other Real Property                ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
   Address of Collateral: _____

   ☐ Personal Property/Vehicle
   Description of Collateral: _____

B. **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).
   The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.
   Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

1  Creditor: **Summit Credit Union**
   Address: **Attn: Bankruptcy; 1709 Landmark Dr; Cottage Grove, WI 53527**
   Account Number: **10001020700523**   Arrearage on Petition Date _____
   Interest Rate: _____           Payoff on Petition Date   532,452.41
                                           **Regular Payment
                                           (Direct)**               _____
   Disburse adequate
   protection pre-Confirmation  $ _____

Other: _____
☑ Real Property
    ☑ Principal Residence
    ☐ Other Real Property
Address of Collateral: **5102 Tonyawatha Trail Monona, WI 53716**

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

☐ Personal Property/Vehicle
Description of Collateral: _____

---

**2**     Creditor: **Summit Credit Union**
Address: **Attn: Bankruptcy; 1709 Landmark Dr; Cottage Grove, WI 53527**
Account Number: **1212830000089**
Interest Rate: _____

Arrearage on Petition Date _____
Payoff on Petition Date **15,012.21**
**Regular Payment (Direct)** _____

Disburse adequate protection pre-Confirmation  $ _____

Other: _____
☑ Real Property
    ☑ Principal Residence
    ☐ Other Real Property
Address of Collateral: **5102 Tonyawatha Trail Monona, WI 53716**

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

☐ Personal Property/Vehicle
Description of Collateral: _____

---

**C.**     **Valuation of Collateral**: ☑ NONE

**D.**     **LIEN AVOIDANCE** ☑ NONE

**E.**     **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall ot receive a distribution from the Chapter 13 Trustee.
    ☑ NONE

### IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.**     **PRIORITY TAX CLAIMS:** ☑ NONE

**B.**     **DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

C. **OTHER:** ☑ NONE

## V. Treatment of Unsecured Nonpriority Creditors

A. Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED:** ☑ NONE

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

## VII. Non-Standard Plan Provisions

☑ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____  _____

**/s/ Wade M. Pittman**  **November 11, 2024**
**Wade M. Pittman 1090712**  Date
Attorney with permission to sign on Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re: **Nicholaus Sweatt**

Chapter 13

Case No.: **3-24-10787**

## REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

    ☑ A copy of this proposed modification has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

    ☐ A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:

    1st Amended Plan dated 11/11/2024:
    a) Plan is extended to 60 months
    b) Payments are decreased to $425.00 starting upon the 8th month

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

In Re:

Nicholaus Sweatt

    Debtor(s).                 Case No: 24-10787

## NOTICE OF AMENDED (PRE-CONFIRMATION) CHAPTER 13 PLAN

**PLEASE TAKE NOTICE**, that the debtor(s), by attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Wade M. Pittman, have filed an Amended Chapter 13 Plan. A copy of said Amended Plan is attached thereto.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve said motion, or if you want the Court to consider your views on the motion, then on or before *December 2, 2024,* you or your attorney must file with the Court, in writing, your position in said matter and request a hearing and file your original document with the *United States Bankruptcy Court Western District of Wisconsin,, 120 North Henry Street, Room 340, Madison, WI 53703-2559* and a copy to Wade M. Pittman, *702 N Blackhawk Ave, STE 101, Madison, WI 53705.* If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the motion and may enter an order granting that relief.

Dated this __11__ day of November 2024, at Madison, Wisconsin.

                               **PITTMAN & PITTMAN LAW OFFICES, LLC**

                 By:     s/Wade M. Pittman
                           Wade M. Pittman
                           Attorney No: 1090712
                           Attorney for Debtor
                           702 N Blackhawk Ave, STE 101
                           Madison, WI 53705
                           (608) 233-4336

**UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN**

In Re:

Nicholaus Sweatt

        Debtor(s).             Case No: 24-10787

**CERTIFICATE OF SERVICE BY MAIL**

I, Wade M. Pittman, am an employee of the law firm, Pittman & Pittman Law Offices, LLC, attorney for above-named debtor(s). I certify that on the **11th day of November 2024** I electronically filed an Amended Chapter 13 Plan, Request to Amend Chapter 13 Plan, and Notice of Amended Plan. I also certify that copies of these documents were mailed, properly enclosed in a postage paid envelope, or served electrically if the party accepts electronic service, to the parties on the attached page(s).

    Dated this ___11___ day of November, 2024, at Madison, Wisconsin.

                                      **PITTMAN & PITTMAN LAW OFFICES, LLC**

                                      By:     s/Wade M. Pittman
                                                       Wade M. Pittman
                                                       Attorney No: 1090712
                                                       Attorney for Debtor
                                                       702 N Blackhawk Ave, STE 101
                                                       Madison, WI 53705
                                                       (608) 233-4336

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0758-3<br>Case 3-24-10787-cjf<br>Western District of Wisconsin www.wiwb.uscour<br>Madison<br>Mon Nov 11 13:34:30 CST 2024 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 |
| Capital One/Menards<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Citibank<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>Po Box 790040<br>St Louis, MO 63179-0040 | Citibank N.A.<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 |
| Paul & Yvonne Edmunds<br>7691 Fish Lake Road<br>Sauk City, WI 53583-9534 | (p)MARK HARRING<br>ATTN STANDING TRUSTEE<br>122 WEST WASHINGTON AVENUE SUITE 500<br>MADISON WI 53703-2758 | IRS - Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | J. David Krekeler<br>Krekeler Law, S.C.<br>26 Schroeder Court, Ste 300<br>Madison, WI 53711-2503 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Wade M. Pittman<br>Pittman & Pittman Law Offices, LLC<br>702 N Blackhawk Ave, STE 101<br>Madison, WI 53705-3357 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Noe Joseph Rincon<br>Krekeler Law S.C.<br>26 Schroeder Court, Suite 300<br>Madison, WI 53711-2503 |
| Kimberly P. Sebranek<br>Laffey, Sebranek, Auby & Ristau, S.C.<br>16 N Carroll St<br>Ste 500<br>Madison, WI 53703-2773 | Secretary of Treasury<br>Treasury Department<br>1500 Pennsylvania Avenue N.W.<br>Washington, DC 20220-0001 | Securities and Exchange Commission<br>175 West Jackson Boulevard<br>Suite 900<br>Chicago, IL 60604-2908 |
| Kristin J. Sederholm<br>Krekeler Law, S.C.<br>26 Schroeder Court, Suite 300<br>Madison, WI 53711-2503 | Summit Credit Union<br>Attn Bankr. Dept.<br>PO Box 8046<br>Madison, WI 53708-8046 | Summit Credit Union<br>Attn: Bankruptcy<br>1709 Landmark Dr<br>Cottage Grove, WI 53527-8957 |
| Kimberly Sweatt<br>5102 Tonyawatha Trail<br>Monona, WI 53716-2978 | Nicholaus Sweatt<br>5102 Tonyawatha Trail<br>Monona, WI 53716-2978 | U.S. Trustee's Office<br>780 Regent Street, Suite 304<br>Madison, WI 53715-1233 |
| Wisconsin Department of Revenue<br>Special Procedures Unit<br>P.O. Box 8901<br>Madison, WI 53708-8901 | Yvonne Edmunds<br>c/o Krekeler Law, S.C.<br>26 Schroeder Court, Suite 300<br>Madison, WI 53711-2503 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Mark Harring  
122 West Washington Ave.  
Suite 500  
Madison, WI 53703-2578

PORTFOLIO RECOVERY ASSOCIATES, LLC  
POB 41067  
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Summit Credit Union

End of Label Matrix  
Mailable recipients    25  
Bypassed recipients     1  
Total                  26